IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COURTNEY HOLLADAY, | ) |
| | ) |
| Plaintiff, | ) Case No. 11-cv-8226 |
| | ) |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| | ) |
| CME GROUP, CHICAGO MERCANTILE EXCHANGE, INC., CHICAGO BOARD OF TRADE, MWD TRADING INC., and MARK DOWNS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by defendants CME Group[1], Chicago Mercantile Exchange, Inc. ("CME") and the Chicago Board of Trade ("CBOT") (collectively "CME Group") to dismiss the plaintiff Courtney Holladay's complaint for sexual harassment, gender discrimination, retaliation, and related State claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, CME Group's motion is granted without prejudice.

**Background**

In January 2008, Mark Downs owner and president of MWD Trading, Inc. ("MWD Trading") hired Holladay as a clerk. Downs leased a membership with CME Group, giving him access to CME Group's trading floor as well as trading privileges. As a clerk for Downs, Holladay also had access to CME's trading floor.

---

[1] CME Group is the parent company of wholly-owned subsidiaries CME and CBOT.

Holladay alleges that from January 2008 until her termination in November of 2010, Downs subjected her to "verbal sexual abuse and sexual harassment and sexually offensive bodily contacts." (Am. Compl. ¶ 30) Holladay contends that her hours and salary were reduced because of her refusal of Downs' sexual advances and because of her gender. She was eventually terminated on November 8, 2010. (Compl. ¶ 57). Holladay further claims that all defendants were aware of Downs' conduct, but failed to take corrective action.

Consequently, Holladay filed charges of discrimination with the Equal Employment Opportunities Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). Upon receiving her right to sue letter from the EEOC in connection with her charges, Holladay filed this action against Mr. Downs, MWD Trading, and CME Group under Title VII and the Illinois Human Rights Act. Holladay also alleges non-enforcement of trade rules pursuant to the Commodity Exchange Act ("CEA"). Lastly, Holladay alleges the state claims of assault and battery and the intentional infliction of emotional distress against all defendants. CME Group now moves to dismiss all claims against them for failure to state a claim upon which relief may be granted.

**Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Christensen v. County* of Boone, 483 F.3d 454, 458 (7th Cir. 2007). A complaint need only provide "a short and plain statement of the claim" showing that the plaintiff is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis. *Tamayo v. Blagojevich*, 526 F.3d

1074, 1081 (7th Cir. 2008). In order to withstand a motion to dismiss under 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint need not set forth "detailed factual allegations," but it must contain facts that "raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

As an initial matter, CME Group seeks to bar any new allegations in Holladay's response brief that were not originally included in her complaint, citing the Seventh Circuit's holding "that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Carr Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Since that decision, the Seventh Circuit has held that new factual allegations can be raised for the first time in a brief, if the new allegations are consistent with the complaint. *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439 (7th Cir. 1994).

Holladay's new factual allegations all serve to supplement statements originally made in her complaint. Each underlying claim in Holladay's response brief remains the same as those presented in the complaint. Thus, the Court will give full weight to Holladay's response brief including the newly alleged facts that support her original claims against the CME Group. *See also Milazzo v. O'Connell*, 925 F.Supp.1101, 1340 (N.D. Ill. 1996).

Turning to the sufficiency of the complaint, CME Group contends that counts I-III should be dismissed for failure to plead that an employment relationship existed between Holladay and the CME Group. 775 ILCS 5/2-102(A), (D); *See Hojnacki v. Klein-Acosta*, 285 F.3d 544, 549 (7th Cir. 2002). Counts I-III of the complaint are each brought against the CME Group under both Title VII and the IHRA.

To determine whether a plaintiff has established an employer-employee relationship, courts look to the following factors: (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations. *Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 497, 492 (7th Cir. 1997). Typically, the extent of the employer's control is the most important factor. *Id*.

CME Group argues that other than conclusory statements, Holladay has not pleaded any facts from which the Court can infer an employer-employee relationship existed between Holladay and CME Group. For an employer-employee relationship to exist, the employer must have "the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved...." *Alexander*, 101 F.3d at 493.

In this case, Holladay's allegations specify only CME Group's authority over access to their trading floor, but none of the allegations suggest that CME Group controlled the manner in which Holladay preformed her responsibilities as a clerk for

4

MWD Trading. Holladay alleges that CME Group provided her with a vest, blank trading cards, a badge, and hand held electronic devices to facilitate her ability to engage in trading at CME Group's facilities. CME Group also required Holladay to undergo a mandatory background check, monitored her floor activity and subjected her to their floor rules and regulations. However, Holladay does not allege that CME Group controlled the everyday aspects of her daily work – including allocating Holladay job assignments, hiring and firing, or setting her work schedule – thereby establishing an employer-employee relationship under Title VII. *See Hojnacki v. Klein-Acosta*, 285 F.3d 544, 551 (7th Cir. 2002). In *Fort Knox School Corp.*, the Seventh Circuit denied the existence of an employer-employee relationship by recognizing that "one can 'control' the conduct of another contracting party by setting out in detail his obligations" but this "one-time control" is "significantly different than the discretionary control an employer daily exercises over its employees' conduct." *E.E.O.C. v. Fort Knox School Corp.*, 154 F.3d 744, 746 (7th Cir. 1998). Accordingly, without any additional evidence establishing CME Group's control over her daily responsibilities as a clerk for MWD Trading, the Court dismisses counts I-III under Title VII.

CME Group also moves to dismiss Holladay's claims brought under the IHRA for failure to state a claim, particularly because she has insufficiently alleged the existence of an employment relationship. Holladay contends that even if CME Group is not considered her employer, they are still liable for sexual harassment and retaliation under the IHRA.

The IHRA establishes a civil rights violation against any person or corporation who conspires to retaliate against a person because he or she has opposed sexual

harassment in employment or who aids, abets, compels or coerces a person to commit a violation of this act, regardless of the existence of an employer employee relationship. *See 775 ILCS 5/6-101; Anderson v. Pitsner*, App. 1 dist. 1986, 102 Ill. Dec. 9, 148 Ill. App.3d 616, 499 N.E. 2d 566.

To make out a prima facie case of retaliation, Holladay must allege that she engaged in protected activity, that CME Group committed an adverse act against her, and a causal nexus existed between protected activity and adverse act. *Maye v. Human Rights Com'n.*, App. 1 Dist. 11991, 166 Ill. Dec. 592, 224 Ill. App.3d 353, 586 N.E.2d 23. Once a prima facie case of retaliation has been established, employer must articulate a legitimate, nondiscriminatory reason for its adverse action. *Id*.

Holladay alleges that CME Group directly retaliated against her by threatening to fine her after she filed a charge of discrimination with the IDHR and the EEOC. However, even if the court were to find that Holladay has presented a prima facie case for retaliation, based upon Holladay's own evidence, CME Group issued the "threat" against her due to her failure to comply with an investigative interview request pursuant to CME Rule 432.L. CME Group also requested an interview with Holladay to investigate Downs' unlawful sexual conduct. Therefore, CME Group has met its burden to offer a legitimate non-discriminatory reason for its decision to implement charges against Holladay.

CME Group contends that Holladay's claim that CME Group aided and abetted in her sexual harassment by giving Downs' access to trading facilities and failing to investigate, warn, discipline or train Downs enabling him to continue to his harassment

6

also fails. CME Group argues that the complaint is devoid of any allegations indicating that CME substantially assisted or encouraged Downs' behavior.

Illinois does not define a separate tort for aiding and abetting under the IHRA. *See E. Trading Co. v. Refco, Inc.*, 229 F.3d 617, 623 (7th Cir. 2000). Therefore, this Court must look elsewhere to determine when one is liable for aiding and abetting under the IHRA. The *Restatement (Second) of Torts* provides some guidance for when an individual can be liable for the tort of another. Pursuant to section 876(b), persons acting in concert may be liable if he or she "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." *Restatement (Second) of Torts* §876(b).

While Holladay argues in response to dismissal that CME Group knowingly assisted and facilitated Downs' with his unlawful conduct by giving Downs' access to the trading floor, Holladay fails to allege any actions or statements on the part of CME Group that would lead to a reasonable inference that the CME Group knowingly assisted with Downs' behavior. No facts have been pleaded that suggest CME Group were even aware of this conduct prior to their viewing of the video surveillance tape and subsequent investigation. Therefore, Holladay's claims under counts I-III are dismissed under the IHRA.

CME Group also moves to dismiss count IV because Holladay fails to specify which provision of the Commodities Exchange Act ("CEA") she is claiming they violated. CME Group assumes for purposes of this motion that Holladay has brought forth a claim under Section 22(b) of the CEA. Section 22(b) provides a private right of action for the failure of a board of trade or entity to enforce any of its own bylaws, rules,

regulations or resolutions. 7 U.S.C. § 25(b) *et seq*. Holladay claims that CME Group violated its own bylaws and rules by failing to take action against sexual harassment and sexually inappropriate behavior at its facilities.

To succeed on a claim pursuant to Section 22(b) of the CEA, the plaintiff must prove that the board of trade's actions were done in bad faith. 7 U.S.C. § 25(b)(4). Therefore, "plaintiffs must establish 'first, that the [board of trade] acted or failed to act with knowledge [ ] and second, that [its] action or inaction was the result of an ulterior motive.' " *Ryder Energy Corp., v. Merrill Lynch Commodities., Inc.*, 748 F.2d 774, 780 (2d Cir. 1984).

Here, Holladay alleges that even after capturing evidence of Downs' sexual harassment on video surveillance, CME Group failed to investigate, warn, discipline or train Downs and the other traders and enabled Downs to continue his physical assault on Holladay by giving him unrestricted access to its facilities and trading floors. However, Holladay makes no allegation suggesting that CME Group was aware of Downs' conduct prior to November 11, 2010 when it viewed the surveillance video. In fact, Holladay's own exhibit indicates that once CME Group became aware of Downs' conduct by viewing the surveillance video, it initiated an investigation into Downs' behavior. Therefore, because Holladay's own evidence indicates that CME Group initiated an investigation upon their awareness of Downs' unlawful behavior, she has effectively pleaded herself out of court by contradicting her own claim CME Group failed to uphold its own rules and regulations.

Even if CME Group were aware of Downs' conduct prior to November 11, 2010 and failed to take any action to address this conduct, Holladay still fails to demonstrate

8

that the CME Group's alleged failure to act was done with an ulterior motive. When interpreting the ulterior motive element of the bad faith requirement of the CEA, courts have held that gross indifference is not enough. *See DGM Investments, Inc v. New York Futures Exchange, Inc.*, 265 F.Supp.2d 254, 260 (S.D.N.Y. May 27, 2003); *Western Capital*, 180 F.Supp. 2d at 442 (holding that alleging that gross negligence in failing to enforce an exchange's floor rules did not constitute bad faith). Instead, plaintiffs must demonstrate that the defendant acted in "self interest" or personal animus. Holladay's complaint and subsequent briefing lacks factual allegations suggesting the CME Group's actions were motivated in this way. At best, CME Group's failure to act constitutes negligent indifference which is insufficient to state a claim under Section 22(b) of the CEA. Accordingly, Holladay's CEA claim against the CME Group is dismissed.

CME Group's final contention is that Holladay's State claims for assault and battery and intentional infliction of emotional distress should be dismissed as preempted by the IHRA. CME Group also argues that because her State claims are intentional torts, Holladay must plead that CME Group intended to directly cause Holladay's alleged injury or that CME Group have given express authorization of the unlawful conduct against her. *Wood v. Ill. Bell Tel. Co.*, 1994 WL 194228, *2-3 (N.D. Ill. May 16, 1994).

Holladay asserts that CME Group can be held liable for IIED and assault and battery because an employer is directly liable for those torts committed against one employee by another that the employer could have presented by reasonable care in hiring, supervising, or if necessary firing the tortfeasor. *Hunter v. Allis-Clamers Corp.*, 797 F.2d 1417, 1422 (7th Cir. 1986). While Holladay is correct that an employer can be held liable for intentional torts, she nevertheless has failed to establish that both she and Downs'

9

were employed by any member of the CME Group. Having failed to establish an employee-employer relationship between Holladay and CME Group or even allege an employer relationship between Downs' and CME Group, Holladay must allege facts indicating CME Group's intent to cause harm. The complaint contains no such allegations therefore counts V and VI are dismissed.

For the foregoing reasons, this Court grants defendants' motion to dismiss without prejudice. Holladay is granted leave to amend complaint in accordance to this order within 21 days.

IT IS SO ORDERED.
July 30, 2012
_____           _____
Dated                                      Hon. Sharon Johnson Coleman
                                           United States District Court