# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COURTNEY HOLLADAY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 11-cv-8226 |
| CME GROUP, CHICAGO MERCANTILE | ) |
| EXCHANGE, INC., CHICAGO BOARD OF | )   Judge Sharon Johnson Coleman |
| TRADE, MWD TRADING, INC. and MARK | ) |
| DOWNS, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Courtney Holladay ("Holladay") filed a second amended complaint on August 24, 2012 against CME Group[1], Chicago Mercantile Exchange, Inc., the Chicago Board of Trade (collectively "CME Group"), MWD Trading, and Mark Downs ("Downs"). Holladay alleges in Count IV of her second amended complaint that after filing a charge of discrimination with the Illinois Department of Human Rights ("IDHR"), CME Group retaliated against her by initiating an investigation against her. In Count V, Holladay alleges that CME Group violated Section 22(b) of the Commodities Exchange Act ("CEA") when, while on notice of Downs' violations of CME Group's bylaws and rules prohibiting sexual harassment, CME Group permitted Downs to sexually harass Holladay by failing to enforce its bylaws. CME Group now moves to dismiss Counts IV and V. CME Group's motion to dismiss is granted in part and denied in part.

**Background**

The CME Group defendants are self-regulatory organizations ("SROs") under the CEA. In January 2008, Downs, as president of MWD Trading, hired Holladay as a clerk to work in the Cattle Pit of the Chicago Board of Trade. Holladay alleges that from January 2008 through November 2012, Downs sexually harassed her, subjecting her to offensive bodily contact and comments. Holladay states further that CME Group and MWD Trading were aware of Downs'

---

[1] The correct corporate names of the defendant companies are CME Group Inc., Chicago Mercantile Exchange Inc., and the Board of Trade of the City of Chicago, Inc. CME Group is a publicly-traded holding company and parent company of Chicago Mercantile Exchange, Inc. and the Chicago Board of Trade

1

harassment and failed to prevent such conduct by enforcing their anti-sexual harassment policy then in effect.

Holladay alleges that on January 19, 2011, she filed a complaint with the IDHR against CME Group for sexual harassment, discrimination, and retaliation. Holladay states that CME Group was on notice that its members, namely Downs, were violating its bylaws pursuant to the CEA which prohibits sexual harassment and that after receiving her discrimination charge, CME Group requested an interview with her. When Holladay attempted to meet with CME Group, pursuant to their requests, Holladay alleges that CME Group rejected her offer for an interview and imposed "excessive conditions" upon the interview. Holladay claims that CME Group threatened her with a fine of up to a million dollars and placed her under formal investigation. Holladay claims further that CME Group's investigation was merely a pretext for unlawful retaliation. CME Group states that it threatened to fine and investigate Holladay due to her failure to comply with CME Group's bylaws and regulations requiring her to provide an interview.

On August 24, 2012, Holladay filed her second amended complaint against CME Group alleging that CME Group violated Section 22(b) of the CEA when it permitted Downs to sexually harass Holladay by failing to enforce its bylaws and sexual harassment policy. Holladay alleges further that CME Group retaliated against her by initiating an investigation and threatening to charge her fees for filing a charge with the IDHR. CME Group has filed a motion to dismiss Counts IV and V of Holladay's second amended complaint.

**Legal Standard**

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Accordingly, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

   *1. Count IV: Retaliation*

   CME Group moves to dismiss Count IV of Holladay's second amended complaint as barred by absolute immunity, preempted by the CEA, and for failure to state a claim upon which relief can be granted.

   Initially, the Court notes that none of the courts in this circuit have addressed the precise issue of whether SROs under the CEA are immune from suits for acts of a quasi-judicial or prosecutorial capacity or the extent of that immunity should it exist. Circuits that have addressed this issue seem to agree that the dual nature of SROs, under the Securities and Exchange Commission, as private companies that carry out regulatory and oversight functions should afford them some level of immunity for such acts. *Weissman v. NASD*, 500 F.3d 1293, 1296 (11th Cir. 2007). However, SROs do not enjoy complete immunity from suits. *See Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1214 (9th Cir. 1998). Accordingly, while the circuit courts agree that some level of protection should be afforded SROs for activities normally performed by the government, what actions fall within the ambit of immunity protection is unclear. Here, the Court finds that the alleged retaliatory disciplinary acts of CME Group are beyond the scope of immunity afforded SROs for actions of a quasi-judicial/prosecutorial nature.

   CME Group's second argument is that Holladay's retaliation claim is preempted by the CEA. Section 22(b) of the CEA does not automatically or completely preempt state-law claims. *McKerr v. Bd. of Trade*, No. 12 C 5008, 2012 U.S. Dist. LEXIS 115933, 14-17 (N.D. Ill. Aug. 15, 2012). "While the CEA may well prohibit state regulation of the commodities field, that finding does not compel the preemption of state common law claims." *Khalid Bin Talal Bin Abdul Azaiz Seoud v. E.F. Hutton & Co.*, 720 F. Supp. 671, 679-680 (N.D. Ill. 1989). The Court finds that the IHRA, forming the basis of Holladay's retaliation claim in Count IV, envisions no administrative agency involvement which might conflict with the jurisdiction of the Commodity Futures Trading Commission, and thus, it is not preempted. *W & W Farms, Inc. v. Chartered Systems Corp.*, 542 F. Supp. 56, 59-60 (N.D. Ind. 1982).

   Lastly, CME Group argues that Holladay has again failed to make out a claim of retaliation under the IHRA because she acknowledges that CME Group has stated a legitimate, non-discriminatory reason for its decision to investigate her. Holladay argues that even though CME Group proffers a non-discriminatory reason for its investigation, CME Group's reason is

pretextual. To allege a *prima facie* case of retaliation, Holladay must allege that: (1) she engaged in a protected activity; (2) CME Group committed an adverse act against her; and (3) a causal nexus existed between the protected activity and the adverse act. *Maye v. Illinois Human Rights Comm'n*, 224 Ill. App. 3d 353, 360 (Ill. App. Ct. 1st Dist. 1991).

If a *prima facie* case is established, a rebuttable presumption arises that CME Group unlawfully discriminated against Holladay. CME Group must then articulate, but not prove, a legitimate, nondiscriminatory reason for its decision in order to rebut the presumption. If CME Group articulates a legitimate, nondiscriminatory reason, Holladay must then prove by a preponderance of the evidence that CME Group's articulated reason was not its true reason, but instead a pretext for unlawful discrimination. *Id*. In order to establish pretext, the complainant carries the ultimate burden of showing that a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence. *Ryan v. Robert Bosch Corp.*, No. 03 C 0446, 2004 U.S. Dist. LEXIS 18807, 15-16 (N.D. Ill. Sept. 14, 2004); *see also Clark v. Illinois Human Rights Comm'n*, 312 Ill. App. 3d 582, 587 (Ill. App. Ct. 1st Dist. 2000).

Here, Holladay alleges that she engaged in the protected activity of filing a charge with the IDHR, that CME Group committed an adverse action in threatening her with fines, discipline, and initiating an investigation of her and that a causal nexus existed between the protected activity and the adverse action because of the "suspicious timing" of CME Group's decision to begin its investigation. CME Group proffers a nondiscriminatory reason for its investigation arguing that Holladay was investigated for failing to abide by CME rules and Holladay responds that such alleged nondiscriminatory reason is actually a pretext for retaliation.

The parties dispute whether Holladay has adequately alleged pretext in order to survive CME Group's motion to dismiss. CME Group argues that Holladay has failed to adequately allege pretext because Holladay fails to provide a specific time period between the time she filed a charge with the IDHR and the time CME Group requested to interview her and because, outside of one paragraph in her complaint alleging generally that other individuals comparable to herself were treated more favorably, Holladay fails to identify any specific individuals comparable to her.

The Court finds that Holladay adequately alleges pretext at this stage of the pleadings. Holladay's burden to show that CME Group's proffered legitimate, nondiscriminatory reason is

actually pretextual merges with her ultimate burden of persuading the trier of fact that CME Group unlawfully discriminated against her. *Zaderaka*, 131 Ill. 2d at 179. This ultimate burden remains at all times with Holladay. *Id*. More facts are necessary to determine whether CME Group's stated nondiscriminatory reason was in fact pretextual. Holladay sufficiently alleges pretext by claiming that she attempted to provide the interview which CME Group argues was its nondiscriminatory reason for threatened fines and discipline. Accordingly, CME Group's motion to dismiss Holladay's retaliatory claim for failure to state a claim is denied.

    2. *Count V: Commodity Exchange Act*

CME Group moves to dismiss Count V of Holladay's second amended complaint for lack of standing. CME group argues that Holladay lacks standing to bring a claim under Section 22 of the CEA because Section 22 provides an explicit private right of action for traders only. Holladay argues that Section 22 of the CEA provides a right of action against any registered entity for actual damages "sustained by a person who engaged in any transaction on *or subject to the rules of* such registered entity." 7 USCS § 25(b)(1)(C) (emphasis added).[2]

Holladay does not dispute that she was not a trader; instead she argues that as an individual *subject to the rules of* CME Group, she has standing under the CEA. Contrary to Holladay's assertion, the Seventh Circuit has held that Section 22(b) by its terms "creates the exclusive remedies available to those injured by violations of the CEA, and makes those remedies available only to persons injured in the course of trading on a contract market. It therefore forecloses all other remedies, including any on behalf of non-traders." *American Agric. Movement v. Board of Trade*, 977 F.2d 1147, 1153 (7th Cir. 1992). Accordingly, CME Group's motion to dismiss Count V of Holladay's amended complaint is granted with prejudice.

---

[2] The CEA is codified at 7 USC 1, *et seq*. As such, the sections of the CEA do not always correspond numerically to the U.S. Code sections. Section 22 of the CEA corresponds with Section 25 of the Code.

**Conclusion**

CME Group's motion to dismiss Count IV of Holladay's second amended complaint is denied. CME Group's motion to dismiss Count V is granted with prejudice.

IT IS SO ORDERED.

_____
Date: November 16, 2012

_____
Sharon Johnson Coleman
District Judge